IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JASON APPLING,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COSTCO EMPLOYEE BENEFITS PROGRAM, with AETNA LIFE INSURANCE COMPANY, as its Administrator and/or Fiduciary,<br><br>　　　　　　Defendant. | CV 13–93–M–DLC<br><br>ORDER |

　　　Before the Court is Plaintiff Appling's motion for summary judgment (doc. 10) based on a settlement entered into between the parties.  Plaintiff seeks a judgment pursuant to the purported settlement on the liability of Defendant Aetna for past and future medical benefits and reasonable attorney's fees and costs.  The Plaintiff has not complied with L.R. 7.1(c)(1), which requires that the text of the motion must state that the Defendant was contacted and further state whether Defendant objects to the motion.

　　　Nevertheless, Defendant has filed a response to this motion, wherein Defendant "Aetna stipulates and agrees that the parties entered into a settlement of this ERISA action at the literal inception of this case, and shortly after Aetna filed an answer to plaintiff's Complaint."  Defendant goes on to further stipulate and agree that "the parties were unable to agree to the amount of the plaintiff's

1

reasonable attorney's fees and costs in this matter." Other than these stipulations, Defendant's response is silent as to the merits of Plaintiff's Motion for Summary Judgment.

The Plaintiff is urging the Court to enter a judgment consistent with the terms and conditions of the alleged settlement agreement attached as Exhibit 1 to Plaintiff's Statement of Undisputed Facts. (Doc. 11-1.) Exhibit 1 is a letter to plaintiff's counsel, presumably written by an Aetna representative, memorializing an agreement to resolve the subject case pursuant to certain expressed conditions, including the payment by Aetna of "reasonable attorney's fees and costs." This letter indicates that the case will be finalized by the filing of a stipulated dismissal with prejudice.

The parties have been unable to agree to the amount of attorney's fees and costs. Thus, the parties have not filed the stipulated dismissal with prejudice, and instead Plaintiff has filed this motion for summary judgment, and apparently will then file a Rule 54(d) motion designed to involve the Court in the resolution of the dispute regarding the amount of attorney's fees and costs, assuming the Court grants summary judgment in favor of the Plaintiff.

This case is not settled, due to the lack of agreement between the parties as to the "reasonable attorney's fees and costs" to be paid to Plaintiff. Until this issue is resolved, and a stipulated dismissal with prejudice is filed with the Court

as agreed by the parties, the Court will not involve itself in these ongoing settlement negotiations.

Therefore, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

DATED this 1st day of October, 2013.

*[signature]*
Dana L. Christensen, Chief District Judge
United States District Court